UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

MAY 17 2007

PER _____ / DEPUTY CLERK

BRYON TAYLOR,

    Petitioner

v.

RONALD R. HOLT,

    Respondent

CIVIL NO. 3:CV-06-436

(Judge Conaboy)

## MEMORANDUM
### Background

Bryon Taylor, an inmate presently confined at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania (FCI-Schuylkill), filed this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2241. Named as Respondent is FCI-Schuylkill Warden Ronald R. Holt. Service of the petition was previously ordered.

Taylor states that he received a state court sentence of ten (10) months on June 20, 2003. On February 10, 2004, Petitioner in the United States District Court for the Northern District of Ohio was sentenced to a forty-six (46) month term of incarceration. See Doc. 2, p. 4. Thereafter, in a separate proceeding in the Northern District of Ohio, Taylor entered a guilty plea on April 27, 2005, and was subsequently sentenced to a one hundred and fifty-one (151) month term of incarceration.[1] His petition

---

[1] A supporting memorandum submitted by Taylor asserts that
(continued...)

contends that "credit for time served on a pre-existing state sentence is within the exclusive power of the sentencing court, as well as the Petitioner's pre-existing federal sentence." Doc. 1, ¶ 12(A). According to the petition and accompanying memorandum, although Taylor's ten (10) month state sentence was ordered to be served concurrently to any federal sentence imposed, the Federal Bureau of Prisons (BOP) has purportedly failed to comply with the intention of the state court because it only credited him with a period of thirty-eight (38) days (May 15, 2003 to June 19, 2003) towards service of his federal sentence. Petitioner claims entitlement "to a total of 23 months of unadjusted jail time credits (minus the 38 days credited for)."[2] Doc. 2, p. 3 of the record.

The Respondent acknowledges that Taylor was arrested on May 15, 2003 in Mahoning County, Ohio on charges of marijuana trafficking. Following his ensuing state prosecution, Petitioner was sentenced on June 20, 2003 to a ten (10) month term of imprisonment to be served concurrently with a yet to be imposed federal sentence.

---

[1](...continued)
the entire ten (10) month state sentence was served in the Mahoning County, Ohio Justice Center while awaiting disposition of his federal charges. See Doc. 2, p. 6

[2] Petitioner is apparently seeking credit against a federal sentence imposed on April 27, 2005 for all time spent incarcerated from the date of his arrest on state charges, May 15, 2003 to the date the federal sentence was imposed, April 27, 2005, a total of 23 ½ months.

On June 23, 2003, Taylor was transferred into federal custody pursuant to a writ of habeas corpus *ad prosequendum*. On February 10, 2004, Taylor was sentenced by the Northern District of Ohio to a forty-six (46) month term of incarceration on a charge that he was a felon in possession of a firearm.

Taylor was also convicted of drug related charges in a separate criminal case in the Northern District of Ohio. On April 27, 2006, he was sentenced in his second federal prosecution to serve a one hundred and fifty-one (151) month term of imprisonment which was to be served concurrently to the previously imposed federal sentence. There was no indication made by the sentencing court as to whether Taylor's federal sentences were to be served concurrently to his prior state sentence. However, concurrence was achieved through a *nunc pro tunc* designation granted by the BOP. As a result, Petitioner was credited with beginning service of his initial federal sentence as of February 10, 2004 while he was still in the primary custody of the State of Ohio. Respondent further notes that Taylor is presently scheduled for release on January 9, 2016 via good conduct time release.

## Discussion

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3).

The Respondent acknowledges that Taylor's sentence "is

3

admittedly complex." Doc. 7, p. 4. Nonetheless, Respondent contends that "there has been no miscalculation in computing his time and judicial intent has been carried out." Id. It is also conceded that Petitioner has exhausted his available administrative remedies.

It is initially noted that the United States Court of Appeals for the Third Circuit in Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000) recognized that a prisoner was only entitled to credit against his federal sentence for a period of time spent in federal detention pursuant to a writ of habeas corpus *ad prosequendum* "unless and until the first sovereign relinquishes jurisdiction over the prisoner." Accordingly, since there is no indication that jurisdiction was relinquished by the State of Ohio, Petitioner is not entitled to credit against his federal sentence for the period of incarceration following his transfer from state to federal custody on June 23, 2003 pursuant to a writ *ad prosequendum* for the purpose of facing federal criminal prosecution. See Ruggiano v. Reish, 307 F.3d 121, 125, n. 1 (3d Cir. 2002); Chambers v. Holland, 920 F. Supp. 618, 622 (M.D. Pa. 1996).

Respondent argues that a concurrent sentence means that the second sentence runs with the remainder of the one already being served. The response also notes that under 18 U.S.C. § 3585(a), a district court cannot order a sentence to commence earlier than the date it is imposed. Petitioner's first federal sentence was imposed on February 10, 2004, and the second on April 27, 2005. According to the Respondent, Taylor was given a *nunc pro tunc*

designation which allowed for service of his initial federal sentence to begin while the Petitioner was still in state custody. Specifically, Taylor began receiving credit towards service of his initially imposed federal sentence while still in state custody on February 10, 2004, the date his first federal sentence was imposed and "the earliest day possible." Id. at p. 6.

A federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence. Chambers 920 F. Supp. at 621; United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990). 18 U.S.C. § 3585 provides in relevant part:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.[3]

---

[3] § 3585 is applicable only to those federal offenses committed
(continued...)

5

Second, 18 U.S.C. § 3621(b) authorizes the Federal Bureau of Prisons (BOP) "to designate the place of confinement for purposes of serving federal sentences of imprisonment." Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). Under § 3621(b), the BOP has the authority to recommend that a state prison be designated as the place of service of a federal inmate's sentence in order to make it concurrent with a state sentence being served at the state facility.[4] However, a federal court may not direct that a federal sentence run concurrently with a state sentence.[5] Gomori v.

---

[3](...continued)
<u>after</u> its effective date of November 1, 1987.

[4]   In pertinent part, § 3621(b) provides:

(b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
   (1) the resources of the facility contemplated;
   (2) the nature and circumstances of the offense;
   (3) the history and characteristics of the prisoner;
   (4) any statement by the court that imposed the sentence--
      (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
      (B) recommending a type of penal or correctional facility as appropriate; and
   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) of Title 28.

[5]   If the federal sentencing court does not address the issue of concurrence, federal and state terms of imprisonment imposed at
(continued...)

Arnold, 533 F.2d 871, 875 (3d Cir. 1976). As noted earlier, the Petitioner's Ohio state sentence was ordered to be served concurrently to any yet to be imposed federal sentence.

As recognized in Barden, the BOP had the statutory authority under § 3621(b) to consider a federal inmate's request that his prior place of confinement, a state prison, be designated *nunc pro tunc* as the place of service of his federal sentence, thereby making the two sentences (the initial federal and Ohio state sentence) concurrent. However, "Barden does not authorize the BOP to award credit for time spent in state custody prior to the imposition of a federal sentence." Gonzalez v. Hawke, 2006 WL 2465307 * 6 (D.N.J. Aug. 21, 2006).

"[A] federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather the second sentence runs together with *the remainder* of the one then being served." Tufaro v. Holt, Civil No. 3:CV-05-69, 2006 WL 680856 * 3 (M.D. Pa. March 15, 2006) (quoting Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983). "A concurrent sentence begins on the date of its imposition, not on the date of commencement of the prior sentence or some earlier date." Carmona v. Williamson, Civil No. 1:CV-05-22, 2006 WL 3042967 * 2 (M.D. Pa. Oct. 23, 2006). Tufaro and Carmona both reiterated that a federal sentence cannot commence prior to the date it is imposed. See id.

---

[5](...continued)
different times must be served consecutively unless the prisoner can convince the BOP to award *nunc pro tunc* designation.

7

Taylor was first sentenced on Ohio state charges and then taken into federal custody. Petitioner began service of his state sentence on June 20, 2003. His first federal sentence was imposed on February 10, 2004 and the second on April 27, 2005. It is undisputed that in accordance with Barden, the BOP considered and granted Petitioner's request for *nunc pro tunc* designation. As a result of said designation, Taylor began service of his initial federal sentence (concurrently with his state sentence) on February 10, 2004. Service of his second federal sentence (concurrently with his first federal sentence) began on April 27, 2005, the date it was imposed. Accordingly, under the standards announced in Gonzalez, Tufaro, and Carmona, the computation of Petitioner's ongoing federal sentences is correct.

Service of Petitioner's federal sentences could not begin prior to the dates that they were imposed. Hence, while Taylor is presently serving his federal sentences concurrently, that designation does not mean that his second federal sentence should begin on the date of: his arrest on state charges, imposition of his prior state sentence, or imposition of his prior federal sentence. Rather, his second federal sentence began on the date it was imposed and from that point forward is served concurrently with his previously imposed federal sentence.

In conclusion, (1) the BOP's *nunc pro tunc* designation permitted Taylor to concurrently serve his state and initial federal sentence, (2) both federal sentences were properly calculated as commencing on the date each was imposed; (3) Petitioner is concurrently serving both his federal sentences; (4)

the BOP has correctly computed both of his federal sentences, and (5) most importantly, there is no indication that Petitioner has not received credit against either his state or federal sentences for all time spent incarcerated. Based upon those determinations, there is no basis for federal habeas corpus relief. Accordingly, the petition for writ of habeas corpus will be denied. An appropriate Order will enter.

RICHARD P. CONABOY
UNITED STATES DISTRICT JUDGE

DATED: MAY 19TH, 2007

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRYON TAYLOR,                    :
                                 :
        Petitioner               :
                                 :
    v.                           :    CIVIL NO. 3:CV-06-436
                                 :
RONALD R. HOLT,                  :
                                 :    (Judge Conaboy)
                                 :
        Respondent               :

## ORDER

AND NOW, THEREFORE, THIS 17th DAY OF MAY, 2007, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus is DENIED.

2. The Clerk of Court is directed to CLOSE the case.

3. Based upon the Court's determination, there is no basis for the issuance of a certificate of appealability.

RICHARD P. CONABOY
United States District Judge